# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff*,

vs.

Case No.10-10060-04-EFM

ARTOUR HAKOBYAN,

*Defendant.*

## MEMORANDUM AND ORDER

Now before the Court is Defendant Artour Hakobyan's Motion to Revoke Order of Detention Pending Trial and to Withdraw Motion for Reconsideration (Doc. 50) (Doc. 53). On June 8, 2010, the Court heard oral arguments on this motion. After hearing the parties' arguments, the Court made an oral ruling from the bench granting Defendant's motion to revoke.[1] This Order memorializes that ruling.

### I. Background

Defendant, along with three others, has been charged with two counts. Count one charges that Defendant knowingly and with intent to defraud, possessed fifteen or more devices which were counterfeit, or were unauthorized, access devices, in violation of 18 U.S.C. § 1029(a)(3) and 18 U.S.C. § 2. Count two charges that Defendant did knowingly, and with intent

---

[1]The portion of Defendant's motion asking the Court to withdraw his previous motion for reconsideration was not discussed. Despite this fact, the Court also grants this portion of Defendant's motion.

to defraud, have control or custody of, or possessed device making equipment, in violation of 18 U.S.C. § 1029(a)(4) and 18 U.S.C. § 2.

Believing that Defendant posed a serious risk of flight, the Government moved for detention. On April 16 and 23, 2010, Magistrate Judge Donald W. Bostwick conducted a detention hearing. After hearing the Government's and Defendant's arguments, Judge Bostwick ordered Defendant detained pending trial, finding that the Government had shown by the preponderance of the evidence that there is a serious risk that Defendant would flee if he was released. Following Judge Bostwick's ruling, Defendant filed, pursuant to 18 U.S.C. § 3145(b), a Motion for Revocation of the Magistrate's Order of Detention.[2]

## II. Standard of Review

The district court's authority to review a magistrate's release order derives from 18 U.S.C. § 3145(b). The district court's review of a magistrate judge's order of detention is *de novo*.[3] Although the court's review is *de novo*, it need not conduct a *de novo* evidentiary hearing.[4] The decision of whether to start from scratch or to "incorporate the record of the proceedings conducted by the magistrate judge" is left to the sound discretion of the court.[5] Regardless of which way it elects to proceed, though, the district court must decide "both the facts and the propriety of detention anew without deference to the magistrate judge's findings."[6]

---

[2]Defendant initially filed, pursuant to 18 U.S.C. § 3142(f), a motion for reconsideration. As noted previously, though, Defendant has since asked the Court to withdraw this earlier motion.

[3]*See United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003).

[4]*See United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002).

[5]*United States v. Plakio*, 2001 WL 1167305, at *1 (D. Kan. Sept. 5, 2001).

[6]*United States v. Poole*, 2004 WL 1732306, at *1 (D. Kan. July 15, 2004) (citing *Lutz*, 207 F. Supp. 2d at 1251).

### III. Standards for Detention

Under the Bail Reform Act of 1984, the Court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[7] "The government has the burden to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community."[8] Because risk of flight and danger to the community are "distinct statutory sources of authority to detain," the government only needs to prove one or the other in order to have the defendant detained.[9] The government must prove risk of flight by a preponderance of the evidence, and it must prove dangerousness to any other person or to the community by clear and convincing evidence.[10]

In determining whether the government has met its burden, the court considers the following four factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including-
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

---

[7] 18 U.S.C. § 3142(e).

[8] *United States v. Dozal*, 2009 WL 873011, at *2 (D. Kan. Mar. 27, 2009).

[9] *United States v. Daniels,* 772 F.2d 382, 383 (7th Cir.1985).

[10] *Cisneros,* 328 F.3d at 616. The Government has not argued that Defendant poses a risk to the community.

>        (B) whether, at the time of the current offense or arrest, the person was on
>        probation, on parole, or on other release pending trial, sentencing, appeal, or
>        completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would
> be posed by the person's release . . . .[11]

### IV. ANALYSIS

Although it is an extremely close call, the Court concludes, after carefully considering both the evidence presented and the factors enunciated in 18 U.S.C. § 3142(g), that pretrial detention is not warranted for this Defendant. While it does appear that Defendant has been less than square with law enforcement officials, the Court does not find that this fact, in light of the facts that Defendant has strong familial ties to the Glendale, California area, is not facing a particularly lengthy sentence if convicted, and, unlike his co-defendants, is a United States citizen[12], leads to the conclusion that Defendant is a serious flight risk. The Court believes, at least at this time, that the following pretrial conditions will reasonably assure Defendant's appearance at future court proceedings: (1) Defendant will provide a $50,000 bond co-signed by his parents and secured by $1,000 cash; (2) Defendant will surrender his passport; (3) Defendant will participate in a home monitoring program that includes electronic monitoring; (4) Defendant will work full time; (5) Defendant will reside with his parents; (6) Defendant will be on home detention; (7) Defendant will have no contact with either the co-defendants or their immediate family; (8) Defendant will report to a pretrial services officer in the Los Angeles area; and (8) Defendant will not use credit or debit cards while out on bond.

---

[11] 18 U.S.C. § 3142(g).

[12] As a United States citizen, unlike his co-defendants he would not face deportation if convicted.

As noted above, and stated during the hearing, this is an extremely close call. As a consequence, the Court will not be tolerant of any slick or evasive actions in his interactions with law enforcement or pretrial service, nor will the Court be tolerant of even minor violations of the aforementioned conditions. If Defendant decides to ignore these admonitions, he should expect to find himself facing a revocation hearing, and find the Court very receptive to the same. Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion to Revoke Order of Detention Pending Trial and to Withdraw Motion for Reconsideration (Doc. 50) (Doc. 53) is hereby GRANTED in full. The Defendant shall be released upon the aforementioned terms and conditions.

**IT IS SO ORDERED.**

Dated this 9th day of June, 2010, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE